## Commonwealth of Pennsylvania, Plff. in Err., *v.* Morris Kostenbauder et al.

A judgment of the quarter sessions, quashing an indictment for conspiracy to procure a violation of the Sunday liquor law, affirmed by a divided court.

(Decided March 1, 1886.)

Certiorari to the Quarter Sessions of Lehigh County to review a judgment quashing an indictment for conspiracy to procure a violation of the Sunday liquor law. Affirmed by divided court.

Defendants Kostenbauder, Houck, and Schweitzer visited sev-

NOTE.—The decision in this case was based on the ground that the buying or drinking of liquor, procured to be sold on Sunday, was not punishable under the law, and that, therefore, there was no conspiracy between the detective who procured the sale and the saloon keeper who made it. In Com. *ex rel.* Shea v. Leeds, 9 Phila. 569, the conspiracy was upheld where there was an effort to compound the offense, and the detectives were remanded for trial on the ground that they had employed unlawful means to accomplish the lawful object of procuring the enforcement of the Sunday law.

Conspiracy is the corrupt agreeing together of two or more persons to do, by concerted action, something unlawful, either as a means or an end. The unlawful thing must either be such as would be indictable if performed by one alone, or of a nature particularly adapted to injure the public or some individual by reason of the combination. 2 Bishop, Crim. Law, § 171. See also 3 Greenl. Ev. § 89; State v. Mayberry, 48 Me. 218; State v. Rowley, 12 Conn. 101; Smith v. People, 25 Ill. 17, 76 Am. Dec. 780; Com. v. Hunt, 4 Met. 111, 38 Am. Dec. 346; Alderman v. People, 4 Mich. 414, 69 Am. Dec.

eral saloons and restaurants in Allentown on Sunday, October 4, 1885, for the purpose, as alleged by the commonwealth, of procuring a violation of the Sunday liquor law, and then informing against the persons violating the same, with the intention of sharing in the penalty, and succeeded in obtaining liquor, chiefly beer, which was either given or sold to them. Subsequently the parties furnishing the liquor were prosecuted and fined for violation of the Sunday liquor law.

· The above-named parties appeared as witnesses in those prosecutions, and received a share of the fines collected; whereupon information was made against them for conspiring to procure a violation of the Sunday liquor law, and they were indicted by the grand jury.

Defendants moved to quash the indictment, upon the ground that it did not charge an indictable offense.

---

321; State v. Burnham, 15 N. H. 396; Hinchman v. Richie, Brightly (Pa.) 143; Com. v. Bliss, 12 Phila. 580.

When the injury contemplated is meant to fall on an individual as distinguished from the public, the combination must be of a nature to place the conspirators on an unfair ground towards him, a ground which one alone with the evil intent would not occupy; and whether an individual or the public is to be wronged, the wrong must be of sufficient magnitude for the law to notice. 2 Bishop, Crim. Law, § 171.

The gist of a conspiracy is the unlawful confederacy to do an unlawful act or a lawful act for an unlawful purpose. Com. v. Judd, 2 Mass. 337, 3 Am. Dec. 54; Com. v. Tibbetts, 2 Mass. 538; Com. v. Warren, 6 Mass. 74; People v. Mather, 4 Wend. 259, 21 Am. Dec. 122; State v. Gawood, 2 Stew. (Ala.) 360; State v. Rickey, 9 N. J. L. 293; State v. Buchanan, 5 Harr. & J. 362, 9 Am. Dec. 534; Collins v. Com. 3 Serg. & R. 220; Respublica v. Ross, 2 Yeates, 8; Morgan v. Bliss, 2 Mass. 112; Com. v. Hunt, Thacher Crim. Cas. 609; People v. Richards, 1 Mich. 216, 51 Am. Dec. 75.

To constitute the crime, the accused must confederate together to do a criminal act, or to do an act not criminal by illegal means. State v. Potter, 28 Iowa, 554.

It must appear on the face of the indictment that the object of the conspiracy or the means to be employed are criminal. State v. Jones, 13 Iowa, 269.

No action lies for simply conspiring to do an unlawful act; the act itself and the resulting damage to the plaintiff are the only ground of action. Kimball v. Harman, 34 Md. 407, 6 Am. Rep. 340.

Where defendants do nothing unlawful it is immaterial whether they conspire or not. McHenry v. Sneer, 56 Iowa, 649, 10 N. W. 234.

Active participation in, not simply passive cognizance of, the illegal action, must be shown. Evans v. People, 90 Ill. 384.

Separate trials may be had upon indictment for conspiracy. Casper. v.

The court, ALBRIGHT, P. J., delivered the following opinion:

If the law provided for the punishment of the man who, on Sunday, buys or drinks intoxicating liquor at a licensed public house, then these defendants could be held to answer this indictment. But, inasmuch as the man who buys or drinks the liquor is not punishable, therefore the defendants cannot be held liable for conspiracy to procure beer on Sunday from the saloon keepers named in the indictment. The law imposes the penalty on him who sells liquor on Sunday, or who, being a licensed public-house keeper, permits it to be drank on his premises on that day.

The real offense charged in this indictment is the conspiracy, by these three defendants, to induce the saloon keepers to sell or give to them drinks on Sunday; the further allegations that drink was obtained, that it was with the intention of getting the informer's share of the penalties, and that suits were brought for the penalties, add no strength to the charge. It was not unlawful to accept the drink nor to sue for the penalties. Counsel for the commonwealth and for defendants agree that this is, in point of law, the correct view of the question.

State, 47 Wis. 535, 2 N. W. 1117. *Contra*, Com. v. Manson, 2 Ashm. (Pa.) 31.

An allegation that A and B conspired to do an act so that C should commit a felony is not a sufficient allegation that the purpose of the act was to induce him to commit it or abet him in its perpetration. Com. v. Barnes, 132 Mass. 242.

Associations to bring criminals to punishment for the public good are not illegal. 2 Bishop, Crim. Law, § 220; Russell, Crimes, *677; Floyd v. Barker, 12 Coke, 23.

Solicitations to commit crime are indictable when their object is to provoke a breach of the public peace (United States v. Ravara, 2 Dall. 297, 1 L. ed. 388; Com. v. Whitehead, 2 Boston L. R. 148; State v. Farrier, 8 N. C. [1 Hawks] 487; State v. Taylor, 3 Brev. 243; Com. v. Tibbs, 1 Dana, 524); or interference with public justice (State v. Caldwell, 2 Tyler [Vt.] 212).

In cases where the solicited offense is consummated, the solicitor is an accessory before the fact in felony, and a principal in misdemeanor; if it is not consummated and is not of such a character that its solicitation tends to a breach of the peace or the corruption of the body politic, the solicitor is not indictable. 2 Wharton, Crim. Law, § 2691.

Attempts or solicitations have been regarded as not indictable when there is interposed between the attempt or solicitation on the one hand, and the proposed illegal act on the other, the resisting will of another person, and that person refuses assent or co-operation. 2 Wharton, Crim. Law, § 2691 and authorities cited; Smith v. Com. 54 Pa. 209, 93 Am. Dec. 687; Com. v. Willard, 22 Pick. 476; but see State v. Avery, 7 Conn. 267, 18 Am. Dec. 105.

It is impossible to hold that persons are guilty in law, for conspiring to do an act, where the act imputed is such that, if the intention had been consummated, no offense would have been committed. It is not alleged that the defendants, by furnishing a stock of liquor, or by any other means, instigated or furthered the illegal act of selling or giving away on Sunday, nor that they conspired by force or threats to coerce the saloon keepers to sell. The latter were free agents; they sold or gave away the beer because they chose to do so.

Where there is a confederacy, but nothing more than solicitations to an intelligent free agent to commit a crime, it is not indictable, unless it is made so by statute. 2 Wharton, Crim. Law, 8th ed. § 2691.

Chief Justice Gibson, in Shannon v. Com. 14 Pa. 226, said that, if confederacy constituted conspiracy, without regard to the quality of the act to be done, a party might incur the guilt of it by having agreed to be the passive subject of a battery. Accordingly, these defendants would not have been indictable if they had combined and agreed together to go to the prosecutor's house and solicit and induce him to beat them; they are not indictable for having conspired to induce him to give to them drinks on Sunday.

Counsel for the commonwealth rely principally upon the case of Hazen v. Com. 23 Pa. 355. It is asserted that it was there held that Hazen and three others had been properly convicted upon an indictment charging that they had conspired to solicit, induce, and procure the officers of a bank to violate a statute which made it a penal offense to issue notes of banks of other states, of a denomination less than $5. The statute gave the informer the one half of the money penalty.

But the counts upon which Hazen and his codefendants were convicted charged more than the mere conspiracy to procure the bank officers to issue the forbidden notes. It was also charged (and found) that one of them had deposited in the bank large sums of money, not for lawful business, and drew them by checks for unequal sums, and required the checks to be paid in bank notes of less than $5, and that the defendants had threatened to bring penal actions unless they were paid $3,250; that it was the purpose of the conspiracy to compel the bank officers unjustly and unlawfully to pay large sums of money for the corrupt gain of the defendants.

The supreme court said that they were left to infer that such "large sums of money" were to be obtained by some other means than a fair prosecution of the offending bank officers; that it was charged that the money was to be drawn from the victims by compounding the offenses; that it had been found as a fact that the object of the defendants was not the detection and suppression of crime, but the promotion of their own corrupt gain; that the defendants sought to extort "hush money" for suppressing the evidence of guilt.

The court also said that those who induced a violation of the law for the purpose of compounding the offense and making gain by defeating public justice were guilty of a gross wrong.

In this case it is not averred that the defendants offered to settle or compound the offenses; or that they obtained any part of the informer's share of the penalties; or even that the suits against the saloon keepers were prosecuted to judgment; in that reference it is simply alleged that the defendants and others acting with them had caused writs of summons to be issued by the alderman for the penalty of $50 in each case.

The decision of the question presented in Hazen v. Com. does not warrant a ruling that this indictment can be sustained, nor has any authority for such a conclusion been found. The motion to quash must be sustained.

If counsel for the commonwealth desire to obtain the decision of the supreme court upon this question, it is probable that this court, upon application of the district attorney, will make an order that the defendants be held under bail until such decision has been obtained. They are now under recognizance for their appearance at the next term.

Now, December 26, 1885, the indictment is quashed; the recognizance of defendants to remain in force, unless discharged by order of the court.

Whereupon the commonwealth took this writ.

*J. Marshal Wright,* Dist. Atty., *Henninger & Dewalt* and *E. J. Lichtenwalner,* for plaintiff in error.—The offense charged in the bill is indictable. Hazen v. Com. 23 Pa. 355, in which LEWIS, J., in delivering the opinion of the court, says: "An indictment lies, not only where a conspiracy is entered into for an illegal purpose, but also where it is to effect a legal

purpose by the use of unlawful means, and this although such purpose be not effected." 2 Ld. Raymond, 1167; 8 Mod. 11; 6 Mod. 185; 8 Serg. & R. 420; 4 Met. 126; 2 Russ. & M. 553.

In Com. *ex rel*. Shea v. Leeds, 9 Phila. 569, a case very similar to this one, the judge says: "For the relators it was urged that they were engaged in a lawful object, to wit, the enforcement of the Sunday liquor law. If this was in truth their object, it was certainly a lawful one and worthy of all commendation. Assuming such to have been their purpose, did they resort to any unlawful means to accomplish it? If they did, and if they acted in concert in pursuance of a common design, there was a conspiracy. It was never intended that a man should violate the law in order to vindicate the law. I am of the opinion that these relators, in their anxiety to procure evidence, . . . went a step too far. He was not engaged in any violation of law when they entered his place. They urged and persuaded him to furnish the beer; in fact they resorted to artifice and deception for that purpose. If any crime was committed, they were present, aiding and abetting." See Com. v. Bliss, 12 Phila. 580; U. S. Crim. Law, 219; Com. v. Curren, 3 Pittsb. 143; Com. *ex rel*. Chew v. Carlisle, Brightly (Pa.) 36; Mifflin v. Com. 5 Watts & S. 461, 40 Am. Dec. 527; Wilson v. Com. 96 Pa. 58; 2 Wharton, Crim. Law, 8th ed. § 1337; Hazen v. Com. 23 Pa. 355.

Archbold (2 Crim. Pr. Pomeroy's Notes, pp. 1829, 1830), says: Conspiracy, "in a more general sense, is any confederacy of two or more persons to injure an individual or do any other unlawful act or acts, prejudicial to the community; a combination or agreement between several persons to carry into effect a purpose hurtful to some individual, or to particular classes of the community, or to the public at large. 4 Bl. Com. 136; Burrill, Law Dict. title *Conspiracy;* Com. *ex rel*. Chew v. Carlisle, Brightly (Pa.) 36; State v. Burnham, 15 N. H. 396; State v. Ripley, 31 Me. 386; People v. Richards, 1 Mich. 216, 51 Am. Dec. 75; State v. Dewitt, 2 Hill. L. 282, 27 Am. Dec. 371; State v. Bartlett, 30 Me. 132. . . . So, all combinations or confederacies wrongfully to prejudice an individual, whether the intention be to injure his property, his person, or his character, are misdemeanors, and, by the common law, adjudged conspiracies. 4 Pa. L. J. 63, 64."

The attainment of a lawful object may become the subject

of a criminal conspiracy, when done by unlawful means or for an unlawful purpose, with the intention to injure and prejudice the public, or even an individual in his property, person, or character. Com. v. McKisson, 8 Serg. & R. 420, 11 Am. Dec. 630; Shannon v. Com. 14 Pa. 226; Reg. v. Howell, 4 Fost. & F. 160; Reg. v. Mears, 1 Temp. & M. C. C. 414, 2 Den. C. C. 79, 4 Cox C. C. 423, 1 Eng. L. & Eq. Rep. 581; Com. v. Deschamps, Q. S. Phila. June 3, 1854, MS.; Hazen v. Com. 23 Pa. 355.

*J. C. Merrill, Chas. R. James,* and *W. J. Stein,* for defendants in error.—To effect a violation of the Sunday liquor law there must be concert between the buyer and seller, and, as the buying is not even *malum prohibilum, a fortiori* the principle of Shannon v. Com. 14 Pa. 226, applies, and there can be no criminal conspiracy in the mere solicitation to violate the law or attempt to buy the liquor.

The law of attempt finds a place in this discussion, as the element of attempt always exists in conspiracy.

But when between the attempt and the execution is interposed the volition of both buyer and seller, then an indictable attempt is not made out. Wharton, Crim. Law, 9th ed. § 177.

Solicitation is not an attempt. Smith v. Com. 54 Pa. 209, 93 Am. Dec. 687.

The attempt should be an actual, not a constructive, one. Kelly v. Com. 1 Grant Cas. 488, 489; Rex v. Butler, 6 Car. & P. 368; Stabler v. Com. 95 Pa. 321, 322, 40 Am. Rep. 653; Gibson v. State, 38 Ga. 571; Smith v. Com. 54 Pa. 214, 93 Am. Dec. 687; Com. v. Willard, 22 Pick. 476.

An indictment for a conspiracy which does not directly aver facts sufficient to constitute the offense is not aided by matter which precedes or follows the direct averments, or by qualifying epithets (as "unlawful," "deceitful," "pernicious," etc.) attached to the facts averred. Com. v. Hunt, 4 Met. 111, 38 Am. Dec. 346; Wood v. State (N. J. L.) 1 Cent. Rep. 441.

PER CURIAM:

The judgment of the court below is affirmed by a divided court.